IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY MELCHERT,

                Plaintiff,

   v.

ANDREW M. SAUL, Commissioner of
Social Security,

                Defendant.

OPINION AND ORDER

17-cv-641-wmc

---

Pursuant to 42 U.S.C. § 405(g), plaintiff Mary Melchert seeks judicial review of a final decision of the Commissioner of Social Security, which denied her applications for Social Security Disability Insurance Benefits and Disabled Widow's Benefits. For the reasons provided below, the court will affirm the Commissioner's determination and enter judgment in defendant's favor.

BACKGROUND

Both of plaintiff's applications allege disability beginning March 20, 2009. Her claims were denied on July 14, 2014, and upon reconsideration on January 5, 2015. A hearing was then held before Administrative Law Judge Mary M. Kunz on May 2, 2016.

The ALJ found that Melchert suffered from a variety of severe impairments, including coronary artery disease with past stenting and angioplasty, asthma, degenerative disc disease of the lumbar spine, degenerative joint disease of the right hip, possible peripheral arterial disease, and fibromyalgia. (AR 13.) The ALJ found other health issues were not severe impairments, including diabetes, obesity, forearm tendinitis, and shoulder pain, although limitations related to this condition were included in the RFC. (*Id.*) The ALJ did not find any severe mental impairment or combination of mental impairments

after an application of the paragraph B criteria. (AR 13-14.)

The ALJ denied Melchert's claims on June 1, 2016, finding that she was capable of sedentary work as defined in 20 CFR § 404.1567(a) without exposure to high concentrations of air pollutants, more than occasional overhead work, or walking more than 10 minutes at a time, and with the allowance of brief changes in position after 60 minutes of work. (AR 16.)

OPINION

This court must defer to an ALJ's decision unless it is unsupported by substantial evidence or based on an error of law. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). A reviewing court will not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Still, the ALJ must create an "accurate and logical bridge" between the evidence and the legal conclusion that the claimant is not disabled. *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citing *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). The court must conduct a "critical review of the evidence" before affirming a decision to deny benefits. *Id.* at 889.

Here, plaintiff raises five issues on appeal, arguing that the ALJ failed to: (1) consider the side effects of medication; (2) acknowledge the medical opinion of Dr. Swetha Gudibanda; (3) properly analyze plaintiff's credibility; (4) properly analyze plaintiff's obesity; and (5) properly assess plaintiff's RFC. Even reviewing the evidence critically, the ALJ has explained her treatment of each of these issues sufficiently to require affirmance as set forth below.

I. **Side Effects of Medication**

Plaintiff begins by incorrectly asserting that the ALJ never discussed or considered the side effects of her medication, which she testified caused her drowsiness. In fact, the ALJ addressed this testimony both directly and by implication. Directly, the ALJ explained that plaintiff's complaints were only cursorily mentioned in plaintiff's medical records, with NP Anderson's treatment notes from November 30, 2015, mentioning a complaint of drowsiness from use of Tramadol. (AR 19.) As the ALJ also noted, this course of treatment was neither discontinued nor was a referral made to a specialist, either of which would have been appropriate if her concerns of medication-induced drowsiness were considered serious. (*Id.*) More generally, the ALJ doubted the veracity of claims about increased symptoms made by plaintiff given the lack of contemporaneous treatment notes after that date. (*Id.*) While the ALJ speculated that NP Richard Anderson may have been moved by the loss of plaintiff's husband to later support conclusions that were not supported by her notes, the ALJ was permitted to rely on contemporaneous treatment notes and lack of any steps to address supposed drowsiness after November 2015. Regardless, plaintiff's counsel's representation that side effects were never mentioned or considered is a

misrepresentation of the record.

Beyond this direct discussion, the ALJ also expressed doubt about plaintiff's claimed drowsiness given her daily activities. (AR 20 (noting that "[w]hile [plaintiff] testified she spends a large amount of time sleeping or sitting with her legs up," she was able to engage in a wide range of activities).) Similarly, the ALJ explained that "while the claimant testified to sleeping during the day for two to three hours and being recumbent in the chair for two to three hours, there is no indication in the record this was recommended by any treating source." (AR 18.)

## II. Opinion of Dr. Gudibanda

Plaintiff next argues that the ALJ erred by not considering the medical opinion of Dr. Swetha Gudibanda, who found plaintiff (1) could not lift more than ten pounds or work five consecutive days, (2) would need to miss more than four days a month, and (3) would need to be able to sit, stand and walk less than three hours per day. However, as the ALJ found, this "opinion" seems to have consisted of signing a form prepared by NP Anderson, who was not found to be credible by the ALJ based on his own contemporaneous treatment notes and treatment choices. (AR 769-70.)

As importantly, the ALJ examined the substance of the opinion in her discussion of Anderson's conclusions, and plaintiff does not challenge that reasoning. Specifically, it appears that any limitations noted by Anderson were based solely on plaintiff's subjective complaints and were quite inconsistent with findings at previous visits before plaintiff asked for disability forms to be completed. (AR 19.) Last, the ALJ expressly found that subsequent treatment was inconsistent with these conclusions.

4

### III. Plaintiff's Credibility

While plaintiff couches this argument in terms of "credibility," plaintiff actually challenges the ALJ's findings about her ability to engage in a wide range of daily activities based on hearing testimony as to certain qualifications on her ability to do so. In particular, aside from the already discussed testimony about drowsiness or sleep limitations, plaintiff points to testimony about her need to rest after driving a car and her difficulty using a vacuum cleaner. Other than these limitations on the ALJ's list of daily activities (AR 20), however, there is no argument that the ALJ failed to consider plaintiff's testimony, and it does not undermine the ALJ's broader finding as to her ability to perform a wide range of daily activities. In addition, plaintiff does not explain how testimony regarding her need to rest after driving or difficulty with vacuum cleaners relates to her ability to engage in past work in data entry, as a receptionist, or as a telephone operator. (*Id.*)

### IV. Plaintiff's Obesity

Plaintiff further argues that the ALJ failed to consider obesity in combination with other impairments, but again this is simply untrue. Instead, the ALJ directly found that "the claimant is obese," but "she has not alleged obesity to be a limiting condition, nor does the medical evidence of record support any work related restrictions." (AR 13.) The court sees no basis on this record to disturb either finding.

### V. Plaintiff's RFC

Finally, plaintiff argues the ALJ erred in assessing her RFC by not including several, necessary accommodations. First, plaintiff points to her testimony about numbness and pain interfering with the use of her hands. In doing so, plaintiff merely repeats her

5

testimony considered by the ALJ at the hearing. Examining multiple test results and visits over the course of 2015, however, the ALJ was entitled to conclude that "there is no objective support for any limitations on the use of the hands or fingers" (AR 18), at least absent conflicting medical evidence. Second, plaintiff restates her hearing testimony about hip and leg pain causing balance issues. Here again, the ALJ found the treatment records contradicted plaintiff's testimony. (*Id*. (noting that plaintiff indicated "her back was stable and that on most days she was quite functional if she took it easy and went slowly with her activities" and that "one of [the] few physical examinations related to the back indicated 5/5 strength with no indication on imaging of any neurological compromise.").) For all these reasons, there is no adequate factual or legal basis to overturn the ALJ's RFC determination.

ORDER

IT IS ORDERED that the decision of defendant Andrew M. Saul, the Commissioner of Social Security, denying Mary Melchert's application for disability insurance benefits is AFFIRMED. The clerk of the court is directed to enter judgment for defendant and close this case.

Entered this 30th day of September, 2019.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge